UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                    )
AMERICAN IMMIGRATION COUNCIL, et al., )
                                    )
                                    )
         Plaintiffs,                )
                                    )
    v.                              )   No. 3:12-CV-00355 (WWE)
                                    )
DEPARTMENT OF HOMELAND SECURITY,    )
                                    )
         Defendant.                 )
_____ )

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

Plaintiffs American Immigration Council and the Connecticut Chapter of the American Immigration Lawyers Association, and defendant U.S. Department of Homeland Security ("DHS"), hereby stipulate and agree to the following settlement and dismissal of plaintiffs' March 28, 2012 complaint regarding plaintiffs' earlier filed Freedom of Information Act ("FOIA") request to U.S. Immigration and Customs Enforcement ("ICE"), a component of DHS.

WHEREAS, on November 29, 2011, plaintiffs submitted a FOIA request to ICE seeking all records related to the Criminal Alien Program ("CAP") and its predecessor programs, from 1986 to the present. Plaintiffs specified several categories of records included in their request and requested a fee waiver.

WHEREAS, ICE denied plaintiffs' FOIA request as unreasonably broad and burdensome. ICE denied the fee waiver request as well, but on administrative appeal granted a partial fee waiver.

1

WHEREAS, on March 8, 2012, plaintiffs filed the instant complaint against DHS, alleging that it wrongfully withheld the requested records from plaintiffs and that it erroneously denied plaintiffs' fee waiver request.

WHEREAS, defendant moved for summary judgment, and plaintiffs opposed defendant's motion for summary judgment. Plaintiffs further moved for limited discovery and requested that the Court defer adjudication of defendant's summary judgment motion pending such discovery. On December 6, 2012, the Court granted plaintiffs' motion and permitted limited discovery in the form of the deposition of Jamison Matuszewski, the Unit Chief for the Criminal Alien Program at ICE. ECF No. 39.

WHEREAS, on February 1, 2013, plaintiffs deposed Mr. Matuszewski.

WHEREAS, on February 5, 2013, the Court entered an order finding as moot defendant's motion for summary judgment in light of the Court's order granting plaintiffs' motion to permit limited discovery in the form of the deposition of Jamison Matuszewski. The Court further ordered defendant to refile its motion for summary judgment upon completion of discovery. ECF No. 40.

WHEREAS, since Mr. Matuszewski's deposition, the parties have been engaged in extensive negotiations in an effort to resolve this matter without further litigation.

WHEREAS, the parties have negotiated a narrowing of plaintiffs' FOIA request, as set forth in Exhibit 1 to this Stipulation.

NOW THEREFORE, IT IS HEREBY AGREED AMONGST THE PARTIES AS FOLLOWS:

1. Plaintiffs' November 29, 2011 FOIA request is hereby narrowed as set forth in Exhibit 1 to this Stipulation.

2. Exhibit 1 is a fully integrated and binding part of this Stipulation.

3. ICE will produce those non-exempt records described in Attachment A of Exhibit 1, under the heading "PRODUCE." As noted under this heading, ICE will produce an electronic report containing all CAP encounters in ICE's Integrated Decision Support System ("IIDS") for FY 2010 to the date of this Stipulation, to include the fields identified in Attachment B of Exhibit 1. Plaintiffs acknowledge that many of the fields in Attachment B are non-mandatory fields, meaning that there may not always be information within them, and those fields may therefore be blank on the resulting report.

4. ICE will conduct all searches described in Attachment A of Exhibit 1 and will produce all responsive records to plaintiffs, except that ICE may withhold any information that properly falls within a FOIA exemption.

5. ICE will conduct the searches set forth in subsection I of Attachment A of Exhibit 1 (searches within shared drives and other electronic recordkeeping systems) as manual searches by subject matter experts who will use their expertise to determine which folders to search. ICE will search for the requested information in the locations identified in subsection I of Attachment A and will search outside those parameters only if ICE knows or believes that the requested information exists elsewhere.

6. ICE will conduct the email searches set forth in subsection II of Attachment A of Exhibit 1 (searches within electronic communications) as follows: CAP Headquarters personnel and CAP point-of-contact personnel in ICE field offices will use their knowledge of their email record keeping systems, including their email folders, to search their email accounts for the terms set forth in subsection II of Attachment A of Exhibit 1. These individuals will conduct global searches of all their email where

technologically feasible. These individuals will search sent and deleted emails in the searches, and only exclude a folder from the search when it is unlikely to contain responsive records. These individuals will forward all results of their email searches to ICE FOIA personnel, who will review the records for responsiveness and to determine if any exemptions apply.

7. The parties will confer after CAP Headquarters personnel and CAP point-of-contact personnel in ICE field offices forward the results of their email searches to ICE FOIA personnel in order to discuss the volume of those results, and depending on the volume, to discuss possible ways to further narrow the set of emails to be reviewed and/or extend the production timeline. The parties may also discuss the progress and outcome of the non-email searches during this conference. The parties may conduct additional conferences as necessary to resolve any remaining issues or concerns that arise during the search and production process.

8. The parties agree that this narrowed request shall supersede plaintiffs' original November 29, 2011 FOIA request and that substantial compliance with this narrowed request will resolve all issues in this case. In exchange for defendant's performance of paragraphs 3-6 herein, plaintiffs hereby dismiss with prejudice the Complaint, and any and all claims they now have or may hereafter acquire against ICE, DHS, the United States of America ("United States"), and any department, agency, officer, or employee of ICE and/or the United States, arising out of the Complaint or plaintiffs' November 29, 2011 FOIA request, except as specifically reserved in paragraph 12. This dismissal with prejudice shall occur upon the Court's entry of this proposed Order.

9. Each party agrees to release the other from any and all liability for all costs and attorney's fees incurred through the date of this Stipulation, and for all fees ICE could have charged for searches executed and records produced pursuant to this Stipulation. Plaintiffs reserve the right to seek costs and attorney's fees for future litigation costs, including time spent enforcing this agreement and litigating claimed exemptions. Plaintiffs will not seek costs or attorney's fees for non-litigation activities, such as reviewing records produced or conferring with defendant.

10. ICE will provide any responsive, non-exempt records that exist in electronic form in an electronic searchable format on a compact disc, digital video disk, or equivalent electronic medium. Emails with accompanying attachments will be provided together, preserving any parent-child relationship of documents should they exist.

11. ICE will produce a substantial portion of responsive, non-exempt records within 90 days of the date of this Stipulation, with records produced to plaintiffs on a rolling basis. ICE will make reasonable efforts to produce all remaining responsive, non-exempt records as soon as possible after that.

12. Plaintiffs reserve the right to enforce the terms of this agreement. The parties request, and expressly consent to the Court making "the parties' obligation to comply with the terms of the Settlement Agreement … part of the [Court's] order," pursuant to the holding in <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 381 (1994). The parties agree that, after the Court issues such an order, it shall retain jurisdiction to adjudicate any dispute arising from the performance of this Stipulation. The parties agree to make reasonable efforts to resolve any disputes informally before making an

application to the Court.  In addition, plaintiffs reserve the right to challenge in a separate lawsuit any claimed exemptions to any responsive documents that have been produced or will be produced by ICE in this matter.

13.     No party is making an admission of liability or fault to any other party, and this Stipulation shall not be construed as an admission of liability or fault.

14.     This Stipulation shall not be used as evidence or otherwise in any pending or future civil or administrative action against or involving DHS or the United States, their agents, servants, or employees, or any agency or instrumentality of the United States, except as may be necessary to establish or clarify the parties' respective rights and obligations under this Stipulation.

15.     This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective predecessors, successors, agents, and assigns.

16.     The parties hereby declare that they have voluntarily entered into this Stipulation in good faith, have read and fully understand the entire Stipulation, and consider it to be a fair and reasonable agreement.  The parties hereby declare further that the undersigned counsel are fully authorized to enter into this Stipulation on behalf of their respective clients.

17.     The parties may execute this Stipulation in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. Facsimiles and pdf versions of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

Dated:  July 31, 2013                             Respectfully Submitted,

                                                  STUART F. DELERY
                                                  Acting Assistant Attorney General

                                                  DEIRDRE M. DALY
                                                  Acting United States Attorney

                                                  JOHN R. TYLER
                                                  Assistant Director, Federal Programs Branch


                                                   */s/ Marcia Berman*
                                                  MARCIA BERMAN
                                                  Senior Trial Counsel
                                                  (PA Bar No. 66168)
                                                  United States Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  20 Massachusetts Avenue N.W.  Room 7132
                                                  Washington, DC  20530
                                                  Tel.:  (202) 514-2205
                                                  Fax:  (202) 616-8470
                                                  Email:  marcia.berman@usdoj.gov

                                                  LISA E. PERKINS
                                                  MICHELLE MCCONAGHY
                                                  Assistant United States Attorneys
                                                  450 Main Street, Room 328
                                                  Hartford, CT  06103
                                                  Tel:  (860) 947-1101
                                                  Fax:  (860) 760-7979
                                                  Federal Bar No. ct23164
                                                  Email:  lisa.perkins@usdoj.gov

                                                  Attorneys for Defendant.

Dated:  July 31, 2013

*/s/ Michael J. Wishnie*
Michael J. Wishnie, ct27221
Cody Wofsy, Law Graduate Intern
JEROME N. FRANK LEGAL SERVICES ORGANIZATION
Yale Law School
P.O. Box 209090
New Haven, CT  06520-9090

7

Emily Creighton
Melissa Crow
AMERICAN IMMIGRATION COUNCIL
1331 G Street, NW, Suite 200
Washington, DC  20005-3141

Attorneys for Plaintiffs.


SO ORDERED.

Dated:

_____

WARREN W. EGINTON
Senior United States District Judge